---



**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

IN RE: TYRONE PEARSON                    CHAPTER 7

DEBTOR                                   CASE NO. 22-11617 JDW

### ORDER AVOIDING JUDICIAL  LIEN [DKT. NO. 9]

THIS MATTER came before the Court on the motion of Debtor's Motion to Avoid

Judicial Lien of **1ˢᵗ Franklin Financial** (the "Creditor") pursuant to 11 U.S.C. § 522 (f) and

Federal Rules of Bankruptcy Procedure 4003(d) and 9014 (the "Motion")(Dkt. No. 9).   The

Debtor has represented to the Court that all parties in interest were timely served with the

Motion, and no party has objected to the relief requested in the Motion by the deadline set by the

Court.   Based on the Debtor's representations, the Court finds and concludes as follows:

1.      The Debtor exempted her homestead real property, as well as certain

personal property, all as listed on Scheduled C filed by the Debtor in this bankruptcy case.

2.      The Creditor recorded a judicial lien against Debtor's property on December 15,

2020, as follows:

> **Location of Judgment Rolls: Justice Court of Lafayette County, MS**
> **Case Number: 0181380**
> **Date of Rendition: December 15, 2020**
> **Amount: $1906.55 plus interest and costs**

3.      The Existence of the Creditor's lien against the Debtor's property impairs

exemptions to which the Debtor would be entitled under Title 85, Chapter 3 of the Mississippi

Code and 11 U.S.C. § 522(d).  Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that

1.      The Motion it **GRANTED**.

2.      To the extent the Debtor's exemptions, the judicial lien held by the Creditor as

set forth is **AVOIDED** and shall not survive bankruptcy, affix to, or remain enforceable against

the Debtor's exempt property, unless the case is dismissed prior to the entry of the Debtor's

discharge.

3.      A copy of the Order of Discharge is to accompany any recordation of this Order.

4.      To the extent the Creditor's lien has been avoided, the Creditor shall be treated as

a general unsecured creditor in this case.

##ENDOFORDER##

SUBMITTED BY:


ROBERT H. LOMENICK, JR., MSB 104186
SCHNELLER & LOMENICK, P.A.
126 NORTH SPRING STREET
POST OFFICE BOX 417
HOLLY SPRINGS, MISSISSIPPI 38635
662-252-3224 /robert@northmsbankruptcy.com
ATTORNEY FOR DEBTOR